IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LILLIAN M. JOHNSON a/k/a Lovella S., § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> MEGAN J. BRENNAN, Postmaster § <br> General, ET AL., § <br> § <br> Defendants. § | No. 3:18-cv-1410-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Lillian M. Johnson a/k/a Lovella S. has filed a *pro se* employment discrimination action, which has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

Johnson filed this action on June 1, 2018. *See* Dkt. No. 2. And, on June 5, 2018, the Court entered a screening questionnaire that required Johnson to file verified responses no later than July 5, 2018. *See* Dkt. No. 7; *see also id.* at 1 ("Failure to provide complete answers to all questions may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure

to obey an order of the Court.").

Verified responses were not filed by the court-ordered deadline. But, on July 17, 2018, Johnson moved the Court to reconsider its denial without prejudice of her motion for court-appointed counsel. *See* Dkt. No. 8. The next day, the Court denied that motion, *see* Dkt. No. 9, and further noted:

> Ms. Johnson also has not followed the Court's June 5 order by providing complete, verified responses to the Court's screening questionnaire. *See* Dkt. No. 7 at 1 ("Failure to provide complete answers to ***all questions*** may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to obey an order of the Court." (emphasis added)). But, because she is proceeding *pro se* and also has provided some response to that questionnaire, albeit late, the Court will extend the deadline to submit complete, verified responses to all questions to **August 2, 2018**.
> And she is WARNED that failure to provide complete answers to all questions by this date will result in a recommendation that the Court dismiss this action under Rule 41(b).

*Id.* at 2 (emphasis in original).

It is now more than one month past the extended deadline for Johnson to file verified responses to all screening questions, and she has yet to comply with the Court's order or otherwise contact the Court.

### Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). And the same rule authorizes a district court to "*sua sponte* dismiss an action for failure to

prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v.*

-3-

*City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By not providing complete verified responses to the screening questionnaire, as ordered by the Court, and thereby preventing this action from proceeding, Johnson has failed to prosecute her lawsuit and has also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Johnson decides to comply with the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE